hAMY, Judge.
The defendant was charged with driving while intoxicated, fourth offense. He filed a motion to quash alleging that one or more of his prior convictions for driving while intoxicated was invalid and, therefore, could not be used in support of the charged offense. The trial court granted the motion. The State appeals. For the following reasons, we reverse.
Factual and Procedural Background
On November 6, 2000, the State filed a bill of information charging the defendant, Michael T. Elledge, with driving while intoxicated, fourth offense, a violation of La. R.S. 14:98(E). The bill contains the allegation that the defendant entered pleas of guilty to charges of driving while intoxicated on May 29, 1997, January 13, 1999, and June 26, 2000.
On December 22, 2000, the defendant filed a motion to quash, alleging that “one or more of the predicate offenses” could not be used for enhancement purposes in the instant charge.[1] In addition *172 to claims related to his right to counsel, the | defendant asserted that he “was not properly advised of rights pursuant to La. C.Cr.P. art. 556.1 and jurisprudence interpreting the Federal and State Constitutions.”
The trial court granted the defendant’s motion to quash with regard to the conviction of June 26, 2000, concluding that the court accepting the plea failed to apprise the defendant of the mandatory minimum and maximum sentences possible for the charge, a violation of La. Code Crim.P. art. 556.1.
The State appeals, assigning the following as error:
The trial court erred by granting the defendant’s Motion to Quash in the instant prosecution, thereby precluding the State from using a plea to a prior driving while intoxicated charge to enhance the penalties imposed on a subsequent offense in contradiction to the decision of the Louisiana Supreme Court in State v. Guzman, 99-1753 (La.5/16/00); 769 So.2d 1158.
The defendant contends that the plea, entered without counsel present at the hearing, could not have been voluntary without information regarding the minimum/maximum penalty range available for the offense.
| ¡¡Discussion
With regard to the burden required of a defendant challenging the State’s use of a prior conviction as a predicate offense, the Louisiana Supreme Court, in State v. Carlos, 98-1366, 6-8 (La.7/7/99) 738 So.2d 556, 559-60, explained:
*173 In [State v. Shelton, 621 So.2d 769 (La.1993)], this Court recognized that Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding.... Rather, the presumption of regularity that attaches to prior convictions encouraged us to revisit our previous system of placing the entire burden on the State to prove the validity of prior convictions. Id. Consequently, we held that when a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. Id. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Id. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. Id. The State will meet this burden by producing a “perfect” transcript of the guilty plea colloquy. Anything less than a “perfect” transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant’s Boykin rights were prejudiced. In Shelton, we held that the State carried its initial burden under the revised burden-shifting rules by producing a well-executed guilty plea/waiver of rights form and a minute entry which stated, inter alia, that the judge “gave the Defendant his rights.” Id. at 770, 780.
We believe that these burden-shifting principles are logically applicable to the recidivist provisions of the DWI statute. The collateral attack on the prior guilty plea made by Carlos in the motion to quash is closely analogous to the recidivism proceeding at issue in Shelton. In both proceedings, the issue of the constitutionality vel non of prior convictions, which are questions of law for the Court to decide, were squarely placed before the Court in a proceeding separate from the fact questions. In the DWI context, we believe such pre-trial determinations allow for efficient disposal of questions that may impact the integrity of predicate offense used for sentence enhancement, while giving due respect for final judgments that are owed a presumption of regularity. A Shelton hearing that tests the validity of offenses sought to be used in multiple offender DWI cases does not, however, remove the burden from the State to prove the existence of the conviction at trial. The State 14retains the burden at trial to prove the existence of the prior convictions and the defendant’s identity as the prior offender.
(Footnotes omitted.)
In response to the defendant’s motion, the State submitted the minutes, bills of information, and transcripts of the plea hearings from the defendant’s three prior pleas to charges of driving while intoxicated. This submission carried the State’s initial burden, described in Carlos, 98-1366, p. 6; 738 So.2d at 659, of proving the existence of the defendant’s “prior guilty pleas and that the defendant was represented by counsel when they were taken.” [2]
*174 IsNext, it is clear from the record that the defendant carried the burden of affirmatively showing “an infringement of his rights or a procedural irregularity in the taking of [one of the pleas].” Carlos, 98-1366, p. 6-7; 738 So.2d at 559. A review of the minutes and the transcript of the June 26, 2000 hearing, at which the defendant entered a guilty plea to the charge of driving while intoxicated, second offense,[3] reveals that the trial court failed to advise him of the mandatory minimum and maximum sentences for the offense. This failure to inform is a violation of La.Code Crim.P. art. 556.1.[4]
Due to the defendant’s showing on this third conviction, the burden again shifted to the State to prove the constitutionality of the plea. Carlos, 98-1366; 738 So.2d 556. The State could have satisfied this burden by producing a perfect transcript of the guilty plea colloquy. Id. Because it could not do so, due to the trial court’s failure to comply with La.Code Crim.P. art. 556.1(A)(1), the trial court was required to weigh the evidence submitted and “determine whether the defendant’s Boykin rights were prejudiced.” Id. at 7; 559. Although the trial court did not specifically articulate the burden-shifting analysis described in Carlos, it ultimately concluded that the defendant’s third conviction, that of June 26, 2000, could not be [ fiused as a predicate offense as it could not have been knowingly entered due to the failure to inform the defendant of the possible penalty range. The trial court reasoned as follows:
With respect to the third predicate offense alleged, the record reflects that the incident occurred on November 25, 1999, and on June 26, 2000, defendant appeared personally in the 37th Judicial District Court, Caldwell Parish, without his retained counsel, Paul Bairnsfather. He was accused of 3rd offen[s]e DWI, but after
“discussion with Mr. Paul Bairnsfa-ther from Rayville, who has enrolled as Mr. Elledge’s counsel, and pursuant to conversation with Mr. Elledge and Mr. Bairnsfather, the State has *175 agreed to accept a plea of DWI second in this matter. Along with speeding and driving under suspension.”
The court advised defendant of the nature of the charge, his right to counsel, his Boykin rights and even his right to compulsory process of witnesses. The court also inquired whether there had been force, threats or promises made to him other than that which was said in court. However, the court did not fully comply with LSA-CCrP article 556.1.A.(1) because, this was a “blind plea” and the court failed to advise defendant of the mandatory minimum and maximum possible penalty provided by law. In a blind plea situation, if the court does not advise the defendant of the exact penalties it intends to impose if it accepts a guilty plea, the defendant is unable to knowingly plead because he or she will not know a major consequence of the guilty plea. For this reason the court will grant the motion to quash in part by declaring that this conviction will not be used as a predicate offense for enhancement of penalty.
While the observation that the requirements of La.Code Crim.P. art. 556.1 were unsatisfied at the June 26, 2000 hearing is correct, the Louisiana Supreme Court has instructed that this failure must be considered in light of the “harmless error rule.” In State v. Guzman, 99-1528, 99-1753 (La.5/16/00); 769 So.2d 1158, the supreme court observed that Article 556.1 was modeled after Rule 11 of the Federal Rules of Criminal Procedure. Quoting the Fifth Circuit Court of Appeals, the court adopted the harmless error test applicable to Rule 11, setting forth the following:
|7To determine whether a Rule 11 error is harmless (i.e., whether the error affects substantial rights), we focus on whether the defendant’s knowledge and comprehension of the full and correct information would have been likely to [affect his] willingness to plead guilty. Stated another way, we “examine the facts and circumstances of the ... ease to see if the district court’s flawed compliance with ... Rule 11 ... may reasonably be viewed as having been a material factor affecting [defendant’s decision to plead guilty.”
Guzman, 99-1753, 99-1528, p. 11; 769 So.2d at 1165, quoting United States v. Johnson, 1 F.3d 296, 301-302 (5 Cir.1993). In Guzman, the supreme court determined that it was unreasonable to conclude that the defendant would not have pled guilty had he known that the minimum sentence was ten days in jail, when his sentence did not include mandatory jail time. Id. See also State v. Gross, 99-3534 (La.6/23/00); 768 So.2d 592, wherein the supreme court found it unreasonable to conclude that the failure to advise the defendant of the element of specific intent would have affected his decision to plead guilty, accepting a life sentence, instead of proceeding to trial and possibly being sentenced to death.
Having considered the circumstances of the present case and the supreme court’s guidance in Guzman and Gross, we conclude that the granting of the motion to quash must be reversed. First, the conviction entered on June 26, 2000, resulted from a plea agreement whereby the charge was reduced from driving while intoxicated, third offense, to driving while intoxicated, second offense. The available sentencing range for driving while intoxicated, second offense, is contained in La.R.S. 14:98(C), which provides:
C. (1) On a conviction of a second offense, ..., regardless of whether the second offense occurred before or after the first conviction, the offender shall be fined not less than seven hundred fifty dollars, nor more than one thousand dollars, and shall be imprisoned for not *176 less than thirty days nor more than six months. At least forty-eight hours of the sentence imposed shall be served without benefit of parole, | ¿probation, or suspension of sentence. Nothing herein shall prohibit a court from sentencing a defendant to home incarceration, if otherwise allowed under the provisions of Article 894.2 of the Code of Criminal Procedure. Imposition or execution of the remainder of the sentence shall not be suspended unless:
(a) The offender is placed on probation with a minimum condition that he serve fifteen days in jail and participate in a court-approved substance abuse program and participate in a court-approved driver improvement program; or
(b) The offender is placed on probation with a minimum condition that he perform thirty eight-hour days of court-approved community service activities, at least half of which shall consist of participation in a litter abatement or collection program, and participate in a court-approved substance abuse program, and participate in a court-approved driver improvement program ....
(Emphasis added.)
For the conviction of driving while intoxicated, second offense, the defendant was sentenced to ninety days in the parish jail and fined one thousand dollars. All but two days of the term of incarceration were suspended. Additionally, he was ordered to serve one year of supervised probation, to participate in a court-approved driver improvement program, and to perform thirty, eight-hour days of court-approved community service.
The defendant obviously benefited by entering into the plea agreement, reducing the charge from driving while intoxicated, third offense, a felony, to driving while intoxicated, second offense. The sentencing exposure was significantly reduced in that driving while intoxicated, third offense, carries a mandatory term of imprisonment of at least six months and a mandatory two thousand dollar fíne.[5] 19While possible for the defendant to receive a sentence including a term of imprisonment under La.R.S. 14:98(C), the harshest term he could have received, six months, was the mandatory minimum term of imprisonment under La.R.S. 14:98(D). Thus, it is unreasonable to conclude that, had the trial court advised the defendant of the mandatory minimum/maximum sentences available, he would not have pled guilty to the reduced charge of driving while intoxicated, second offense.
Additionally, the defendant was not unfamiliar with the charge or what it entailed. He pleaded guilty to driving while intoxicated on two occasions prior to his plea to driving while intoxicated on June 26, 2000. His first plea was entered May 29, 1997, and the second, on January 13, 1999. Both pleas were entered within three years of his third plea, on June 26, 2000. At both prior plea hearings, the trial court explained the mandatory minimum and maximum sentences to which he would be exposed in the event that he was later convicted of driving while intoxicated, second offense.
*177 Finally, the defendant was apprised of consequences of subsequent convictions for driving while intoxicated. The court explained:
This plea will be entered upon your record the same as if you were convicted at a trial. It will result in a D.W.I. Second, at least, being on your record, that stays on there for ten (10) years. If you get another D.W.I. within ten (10) years, that would be a three (3) and you can get up to five (5) years in jail or prison for a three (3). For a four (4), you get a fourth (4th) one within ten (10) years, that would require you to spend up to thirty (30) years at hard labor in the State Penitentiary System.
| ^Considering the defendant’s prior experience, the benefit gained by the entry of his plea to the reduced charge, and information regarding the consequences of subsequent convictions, we conclude that the trial court’s failure to inform the defendant of the applicable sentencing range at the plea hearing on June 26, 2000, was harmless error. Thus, the partial granting of the motion to quash was erroneous. Accordingly, the defendant’s June 26, 2000 conviction for driving while intoxicated, second offense, can be used as a predicate offense to support the instant charge of driving while intoxicated, fourth offense.
DECREE
For the foregoing reasons, the partial granting of the motion to quash is reversed and the motion to quash is denied in its entirety. This matter is remanded to the trial court for further proceedings.
REVERSED, RENDERED, AND REMANDED.

. La.Code Crim.P. art. 535 sets forth the time delay for filing a motion to quash. It provides:
A. A motion to quash may be filed of right at any time before commencement of the trial, when based on the ground that:
*172 (1) The offense charged is not punishable under a valid statute;
(2) The indictment does not conform with the requirements of Chapters 1 and 2 of Title XIII;
(3) Trial for the offense charged would constitute double jeopardy;
(4) The time limitation for the institution of prosecution has expired;
(5) The court has no jurisdiction of the offense charged; or
(6) The information charges an offense for which prosecution can be instituted only by a grand jury indictment.
These grounds may be urged at a later stage of the proceedings in accordance with other provisions of this Code.
B. A motion to quash on the ground that the time limitation for commencement of trial has expired may be filed at any time before commencement of trial.
C. A motion to quash on grounds other than those stated in Paragraphs A and B of this Article shall be filed in accordance with Article 521.
D. The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions.
E. The court may, in order to avoid a continuance, defer a hearing on a motion to quash until the end of trial.
As the grounds for the motion to quash before the court are other than those listed in Paragraphs A and B, Paragraph C requires that it "be filed in accordance with Article 521.” La.Code Crim.P. art. 521 provides the time delays for filing pretrial motions and states:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
The defendant was arraigned on November 6, 2000. The motion to quash was filed on December 22, 2000, more than fifteen days after arraignment. There is no indication in the record -that the trial court extended the time delay for the defendant to file the motion. Thus, it is untimely. However, there is no indication of any objection lodged by the State. Therefore, the State has waived its right to object to the defendant's motion to quash for lack of timeliness. See State v. Dean, 99-475 (La.App. 3 Cir. 11/3/99); 748 So.2d 57.

. Although the transcript of the plea hearing on June 26, 2000 indicates that the defendant appeared without counsel, it is clear he was represented at the time of the plea. The following exchange is found in the transcript:
MR. ALLEN [Asst. District Attorney]: The next matter on the Docket, Your Honor, is Michael Elledge. Your Honor, we had discussions with Mr. Paul Bairnsfather from Rayville, who has enrolled as Mr. Elledge’s *174 counsel, and pursuant to conversations with Mr. Elledge and Mr. Bairnsfather, the State has agreed to accept a plea of D.W.I. Second in this matter. Along with the Speeding and Driving Under Suspension. Is that correct?
A Yes, sir.
THE COURT: Before I accept your pleas, I'm required to explain the rights you are giving up. You have the right to a lawyer. If you could afford an attorney, you could hire one and, hire any of them. If you could not afford a lawyer, I would appoint one to represent you. It's my understanding in this case that you do have an attorney, Mr. Bairnsfather, from Rayville?
A Yes sir.
THE COURT: But that you and he have agreed that you would appear here today by yourself and go ahead and plead guilty?
A Yes sir.
THE COURT: And do you understand that by doing that, you are waiving your right to a lawyer today and is that what I understand that you want to do, is give up your right to an attorney and go ahead and plead guilty.
A Yes sir.

. Although the conviction of June 26, 2000 was apparently the defendant's third offense, the plea was entered pursuant to a plea agreement whereby the State reduced the charge to driving while intoxicated, second offense.

. La.Code Crim.P. art. 556.1 provides, in part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contende-re, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

. La.R.S. 14:98(D) provides, in part:
D. (1) On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and shall be fined two thousand dollars. At least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence.
(Emphasis added.)