PER CURIAM.*
Writ granted. The judgment of the court of appeal vacating defendant’s guilty plea is reversed, defendant’s conviction and sentence are reinstated. The defen *593 dant made the critical decision not to risk the self-defense scenario outlined in his confession in the context of a capital murder trial at which he could receive the death penalty, and to accept a life sentence running concurrently with an other life sentence imposed in Arkansas for an unrelated murder. Given that choice, the trial court’s failure to advise the defendant, as part of the plea colloquy required by La. Code Crim. Proc. art. 556.1, that a charge of first degree felony murder under La. Rev.Stat. 14:30A(1) requires the state to prove specific intent to kill or to inflict great bodily harm, as opposed to second degree felony murder, another life offense, which does not have a specific intent component, La.Rev.Stat. 14:30.1A(2)(a), cannot “ ‘reasonably be viewed as having a material factor affecting the [defendant’s] decision to plead guilty.” ’ State v. Guzman, 99-1528, p. 11 (La.5/16/00), 769 So.2d 1158, 1165 (quoting United States v. Johnson, 1 F.3d 296, 301-02 (5th Cir.1993)).

 Marcus, J., not on panel. Rule IV, Part 2, § 3.