| .DREW, J.
A Caddo Parish jury convicted the defendant, Randall S. Bernard, as charged of second degree battery. The defendant was sentenced to serve five years at hard labor. All but six months was suspended, and the defendant was placed on supervised probation with special conditions. The defendant was also ordered to pay court costs, or in default of payment, to *820 serve 30 days in jail. The defendant now appeals, arguing that the evidence was insufficient to support the conviction. We affirm the conviction. The five-year hard labor sentence with all but six months suspended is affirmed. For the reasons stated below, we vacate the additional 30-day sentence of default time to be served in the event of the defendant’s failure to pay court costs.
FACTS
On January 29, 2003, the defendant went to the Vivian home of his former girlfriend, Shelby Reynolds, allegedly looking for his toolbox. Following a dispute, Bernard choked Reynolds by putting his hands around her neck, and pushed her against the wall. Reynolds attempted to fight back by grabbing his neck, but Bernard lifted her off the ground by her neck. Her back was forced against the garage light switch, flipping it up and down. Reynolds repeatedly rang the doorbell and called out for help to her friend, Tammy Hutto, who was upstairs in the residence. Reynolds could not breathe, and her head began to hurt badly. She could not remember anything beyond this point until later, as Hut-to helped her off the garage floor.
| gWhen asked on direct examination what caused her to lose consciousness, Reynolds explained that the defendant was pushing on her throat so hard that she couldn’t breathe. She denied giving Bernard consent to touch her in any way. On cross-examination, Reynolds was questioned by defense counsel regarding how many times the investigating officer had to ask her during her statement whether she fell unconscious. Reynolds did not recall how many times she was asked the question. The following dialog transpired between defense counsel and Reynolds:
Q. And you testified earlier that you actually don’t remember becoming unconscious, is that correct?
A. That’s not what I said. What I said was that at one point from the time I couldn’t breath (sic) and the next point that I have a conscious memory is getting up off the garage floor.
Hutto testified at trial that:
• she heard the doorbell and Reynolds’ faint scream;
• she went downstairs to find Reynolds in the garage trying to stand up, gasping for air, and coughing;
• Reynolds’ face and neck were red, and she was holding her neck;
• the victim’s hair looked as if she had been in a “big cat fight” and she was very upset;
• she saw Bernard driving away from the scene;
• Reynolds was afraid for her safety; and
• she finally convinced Reynolds to contact the police approximately two hours later.
Detective Malcomb Lane of the Caddo Parish Sheriffs Office testified that:
• he responded to the call;
Is*he observed bruising and redness around Reynolds’ neck that looked like someone put their hands on her neck;
• Reynolds refused medical treatment, but photographs of her neck were taken; and
• S-l through S-4 were the photographs taken of the victim.
Detective Charles Bradford of the Cad-do Parish Sheriffs Office testified that:
• he conducted the follow-up investigation;
• he advised Reynolds during her statement that whether or not she was *821 unconscious would determine the offense charged;
• he concluded from her statement that she possibly lost consciousness; and
• he did not tell Reynolds what to say.
Bernard was charged by bill of information with second degree battery, a violation of La. R.S. 14:34.1. At the jury trial, the state presented the testimony of Reynolds, Hutto, Bradford, and Lane, plus the photographic exhibits. The defense presented no witnesses or evidence. Bernard was found guilty as charged. Defendant’s motions for new trial and for post-verdict judgment of acquittal were denied by the trial court.
The trial court sentenced Bernard to pay court costs, or in default thereof, to serve 30 days in jail. In addition, Bernard was sentenced to serve five years at hard labor. All but six months of the sentence was suspended, and Bernard was placed on supervised probation with special conditions. He now appeals.

Sufficiency

Defendant argues that:
1the state based the conviction of second degree battery solely upon the fact that the victim became unconscious;
• the evidence was insufficient to prove unconsciousness;
• there was no witness to the confrontation between the victim and Bernard;
• the victim’s trial testimony was inconsistent and inconclusive on the issue of unconsciousness, citing dialog from the trial transcript;
• the evidence regarding the victim’s injuries could only have supported a conviction of simple battery; and therefore,
• the felony conviction of second degree battery should be overturned.
La. C. Cr. P. art. 821 provides that a motion for post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a guilty verdict. This is a question of legal sufficiency. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.), writ denied, 604 So.2d 973 (La.1992).
La. C. Cr. P. art. 851(1) provides that the court shall grant a motion for new trial whenever the verdict is contrary to the law and the evidence, ie., that the evidence was insufficient to sustain the conviction. A motion for new trial presents only the issue of the weight of the evidence. Under this article the trial judge has wide discretion to determine the weight of the evidence. The refusal to grant such a motion is not subject to appellate review, except for error of law. State v. Mitchell, 26,070 (La.App.2d Cir.6/22/94), 639 So.2d 391, writ denied, 94-1981 (La.12/16/94), 648 So.2d 387, citing Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Robinson, 624 So.2d 1260 (La.App. 2d Cir.1993), writ denied, 93-2899 (La.2/11/94), 634 So.2d 372. Defendant’s argument | ¡^centers around the question of sufficiency of evidence, an issue properly raised in the trial court by a motion for post-verdict judgment of acquittal under La. C. Cr. P. art. 821.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Hunter, 33,066 (La.App.2d Cir.9/27/00), 768 So.2d 687, writs denied, 2000-3070 *822 (La.10/26/01), 799 So.2d 1150, 2001-2087 (La.4/19/02), 813 So.2d 424. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or re-weigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable |fidoubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 2002-3090 (La.11/14/03), 858 So.2d 422. The testimony of the victim alone is sufficient to convict a defendant. State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678, writ denied, 2000-2726 (La.10/12/01), 799 So.2d 490.

Second Degree Battery

La. R.S. 14:34.1 defines second degree battery as follows:
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
* * *
La. R.S. 14:33 provides that a battery is the intentional use of force or violence upon the person of another. State v. Helou, 2002-2302 (La.10/23/03), 857 So.2d 1024.
A review of the record supports the trial court’s denial of the motions for new trial and post-verdict judgment of acquittal. The evidence, when [7viewed in the light most favorable to the prosecution, was such that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Cummings, supra; State v. Hunter, supra. The victim testified that Bernard committed a battery by the intentional use of force or violence upon her by grabbing her neck and choking her, and that this battery was committed without her consent. La. R.S. 14:33 and 14:34.1. The victim further testified to facts from which any rational trier of fact could have concluded that this choking was an intentional act which caused her serious bodily injury involving unconsciousness, as per La. R.S. 14:34.1. The testimony of this victim alone is sufficient to convict Bernard. State v. Ponsell, supra. The appellate court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part, and does not *823 assess the credibility of witnesses or reweigh evidence. State v. Gilliam, supra; and State v. Smith, supra. The conviction stands.

Error Patent

The trial court erred in ordering Bernard to serve jail time in lieu of court costs.
The extra 30 days must fall because the maximum sentence for the crime of conviction is five years. The extra default time would exceed the five-year statutory authority of the trial court to punish this defendant for brutally beating the victim.
| sDECREE
The defendant’s conviction is affirmed. The five-year hard labor sentence plus court costs is affirmed, but the additional sentence providing for a 30-day jail term in the event of default of payment of court costs is vacated.