NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 12-36

STATE OF LOUISIANA

VERSUS

RICHARD JAMES ALLEN

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 25899-10
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward Kelly Bauman**
**La. Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Richard James Allen**

**Karen C. McLellan**
**The Gray Law Firm**
**P. O. Box 1467**
**Lake Charles, LA 70602-1467**
**(337) 494-0694**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**EZELL, Judge.**

Defendant, Richard James Allen, was charged by a bill of information with one count of accessory to second degree robbery, a violation of La.R.S. 14:25 and 14:64.4, and with one count of second degree robbery, a violation of La.R.S. 14:64.4. On January 26, 2011, Defendant pled guilty to second degree robbery. The Defendant also admitted to the allegations of his probation violation, as he was previously convicted of two counts of simple burglary. A presentence investigation report was ordered.

Defendant was sentenced on August 17, 2011. The trial court revoked the Defendant's probation and ordered that Defendant serve six years originally imposed for each count of the two simple burglary charges, with that time to run concurrent. For the charge of second degree robbery, Defendant was sentenced to thirty years with the Louisiana Department of Corrections, to be served without benefit of probation, parole, or suspension of sentence, with credit for time served. This sentence was to run consecutive to the other sentences imposed. Defendant was also ordered to pay $35,649.14 in restitution to the victim.

Defendant filed an appeal alleging that the thirty-year sentence is excessive as there was insufficient articulation of factors considered for sentencing as required by La.Code Crim.P. art. 894.1. For the following reasons, we affirm the thirty-year sentence as imposed by the trial court.

## FACTS

On April 30, 2010, Ricky Sonnier texted Leighanne Dean and told her that he had gotten paid at work and wanted to party. He was picked up at work by Ms. Dean. Also in the vehicle were Candace Dean, Bryan Pyle, and Defendant. Sonnier told the group he wanted to go to a room at a local hotel so they could party. The group

brought Sonnier to his house to change clothes. He took out $20.00 from a stack of money for the group to buy gas while he got ready.

After seeing the money, Defendant indicated to Pyle that they should rob Sonnier. Pyle agreed to assist Defendant. They then agreed to take Sonnier to an abandoned home in Westlake.

The group returned to get Sonnier. Defendant told Sonnier that he needed to go to Westlake to pick up some marijuana. The group went to an abandoned house. When they arrived at the house, Defendant told everyone to get out of the car. There was no one at the house. As they walked back to the vehicle, Defendant struck Sonnier from behind while Pyle got on top of him and held his arms behind his back. Defendant continued to hit Sonnier. They took Sonnier's wallet and cell phone. Everyone left in the vehicle, leaving Sonnier behind.

When they got down the road, they discovered that there was no money in the wallet. The Defendant then decided to go find Sonnier again. As they were driving, they saw Sonnier walking. Sonnier tried to run away, but Defendant caught him. Defendant and Pyle then went through Sonnier's pockets and retrieved $6.00. They also took his black Nike shoes, a chain, and a half pack of cigarettes.

The following morning, Defendant, Pyle, and Dean went to Prien Lake Mall where they sold Sonnier's cell phone to a store for $50.00. The Defendant gave Sonnier's shoes to his brother.

As a result of the incident, Sonnier suffered multiple facial fractures requiring reconstructive surgery.

## EXCESSIVE SENTENCE

Defendant claims that the sentence imposed for second degree robbery was excessive. In brief, Defendant argues that the trial court failed to take into consideration the fact that he is twenty-one years old in addition to other mitigating

2

factors under La.Code Crim.P. art. 894.1. He claims that the excessiveness of his sentence cannot be fully explored without sufficient articulation for the reasons for sentencing.

Defendant did not file a motion to reconsider sentence, thus barring his claims by operation of La.Code Crim.P. art. 881.1. *See State v. Stephan*, 11-648 (La.App. 3 Cir. 12/7/11), 79 So.3d 1175. Therefore, we will not consider Defendant's claim concerning noncompliance with La.Code Crim.P. art. 894.1. *Id*. "Our review of Defendant's sentence is limited to a bare claim of excessiveness." *Id*. at 1183.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250 (alteration in original), as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the

particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

Defendant pled guilty to second degree robbery, a violation of La.R.S. 14:64.4, which provides for imprisonment at hard labor for not less than three years or more than forty years. La.R.S. 14:64.4(B). Defendant was sentenced to thirty years at hard labor.

Prior to sentencing, the trial court ordered a presentence investigation report. Defendant's mother was allowed to speak on his behalf. At sentencing, the court noted that Defendant had drug problems and had been placed on probation for two counts of simple burglary with the requirement that he submit to random drug tests. The court observed that the crime at issue occurred just three months later. The court also observed that Defendant had been fortunate to have had other charges dropped.

The trial court then acknowledged the seriousness of the present crime and Defendant's violent nature. Acknowledging that it was Defendant's idea to rob Sonnier, the court observed that Defendant beat Sonnier once and then went back and beat him again. Sonnier was beaten so badly that it caused costly medical damages. The trial court determined that any lesser sentence would seriously deprecate the seriousness of this offense.

A trial court has vast discretion in imposing a sentence, and a sentence imposed within the statutory limits should not be set aside absent a clear showing of abuse of that discretion. *State v. Brown,* 02-1382 (La.App. 3 Cir. 4/2/03), 842 So.2d 1181, *writ denied,* 03-1224 (La. 11/7/03), 857 So.2d 491. *See also State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996), wherein the supreme court noted that the question on appeal is whether the trial court abused its discretion and not whether another sentence would have been more appropriate.

In *State v. Guillory*, 10-1175 (La.App. 3 Cir. 4/6/11), 61 So.3d 801, this court did not find that the maximum sentence of forty years for second degree robbery was excessive. This court noted that the defendant had "inflicted a brutal beating on the victim" which resulted in a broken ankle bone and her left eye swelling shut. *Id*. at 809.

In *Stephan*, 79 So.3d 1175, this court did not find that a thirty-year sentence was excessive where the victim of the robbery had long-term effects from a gunshot wound to the head with a bullet still lodged in the victim's brain and defendant was a seventh felony offender.

Defendant inflicted a serious beating on Sonnier which required reconstructive surgery. Just three months prior to this attack, Defendant had been put on probation for simple burglary. When given an opportunity to reform, Defendant only committed a more serious offense. We do not find Defendant's thirty-year sentence excessive.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.