846 So.2d 98 (2003)
STATE of Louisiana
v.
Terrance FORD.
State of Louisiana
v.
Terrance Ford.
Nos. 2002-KA-1394, 2002-KA-1642.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 2003.
*99 Harry F. Connick, Jr., District Attorney, Scott Peebles Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS, JR., Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The State of Louisiana filed two separate bills of information charging the defendant, Terrance Ford, with a total of five counts of armed robbery, violations of La. R.S. 14:64. The defendant pled guilty as charged to all five counts and the trial court sentenced him on each count to serve twenty-five years at hard labor without the benefit of parole, probation, or suspension of sentence with the sentences to run currently. The defendant appealed.

FACTS
Because the defendant pled guilty to all five charges before trial, the facts pertaining to the charges against him are not in the record. However, the pre-sentence investigation report discloses that the defendant and three other individuals robbed the Orleans Bar and Grill and its patrons. During the robbery, the bartender fired a gun at the perpetrators, hitting the defendant. The defendant then forced his way into a nearby house and told the resident to call emergency services for him. The report also mentions the defendant's involvement in a grocery store robbery.

ERRORS PATENT
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR
In the single assignment of error raised in the appeal brief filed by defense counsel, the defendant contends that the trial court failed to comply with the requirements of La.C.Cr.P. art. 556.1 in determining *100 whether or not he understood the charges against him.
La.C.Cr.P. art. 556.1 provides:
A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
D. In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
E. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.
The Fifth Circuit in State v. Frickey, 00-294 (La.App. 5 Cir. 9/26/00), 769 So.2d 791, found violations of Article 556.1 which do not rise to the level of Boykin violations are subject to harmless error analysis. See also State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Echols, 99-2226 (La.App. 4 Cir. 10/4/00), 774 So.2d 993, writ denied, XXXX-XXXX (La.10/5/01), 798 So.2d 962.
The defendant argues that the record contains no evidence to indicate he understood the nature of the charges against him. He further argues that no basis exists for concluding that he understood the nature of the charges against him, considering the fact that he was a first time offender and just had turned seventeen years old when he pled guilty. The defendant points to Fed. Rule 11 to support his claim; however, his reliance on Fed. Rule 11 is misplaced in light of the Supreme Court's holding in Guzman.
At the guilty plea hearing in the instant case, the trial court informed the defendant that he was pleading guilty to one count of armed robbery in case 395-385 and to four counts of armed robbery in case 396-322. The trial court also informed him of the mandatory minimum *101 and maximum sentence for the offenses and the penalties for subsequent offenses. Furthermore, the trial court personally questioned the defendant regarding the waiver of his Boykin rights. Notably, the defendant, who was represented by counsel at the time of his plea, failed to complain that he did not understand the charges against him. The defendant has not shown sufficient prejudice to support his claim. This assignment of error is without merit.

PRO SE ASSIGNMENTS OF ERROR
The defendant filed a supplemental pro se brief raising two assignments of error. In the first pro se assignment of error, the defendant alleges that the trial court failed to advise him of his privilege against self-incrimination before he pled guilty.
A guilty plea is not valid unless it is intelligent and voluntary. The defendant must expressly and knowingly waive his right to trial by jury, his right to confront his accusers, and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
The guilty plea transcript indicates a thorough colloquy. The trial court advised the defendant that by pleading guilty he was giving up his right to a trial by judge or jury; the right to be presumed innocent; the right to have his attorney present at trial; and the right to have his attorney question every witness who may testify against him. Regarding the privilege against self-incrimination, the trial court specifically stated:
Ms. Vix could also present evidence for you, on your behalf. She could present other evidence for you and you could testify yourself, if you like. On the other hand, if you wanted to go to trial and not present evidence or witnesses, you wouldn't have to, and if you didn't your failure to do so could not and would not be held against you or in any way considered as possible evidence of guilt against you.
At the conclusion of the colloquy, the trial court asked the defendant if he understood his rights and the fact that he was giving them up by pleading guilty; whether he had initialed and signed the guilty plea form; and whether he was satisfied with his attorney. The defendant responded, "Yes."
The minute entries in the record from the guilty plea hearing also indicate that the court advised the defendant of his constitutional rights under Boykin. In addition, the two guilty plea forms that the defendant signed and initialed clearly indicate that he had been advised that by pleading guilty he was waiving his right against self-incrimination.
This pro se assignment of error is without merit.
In the second pro se assignment of error, the defendant alleges that the trial court erred in representing to him an uncertain sentence in exchange for his guilty plea. He claims that when he entered his guilty plea, the prosecutor, the trial court, and the defense understood that he was reserving his right to appeal any sentence that would be imposed. The defendant further claims that the trial court never advised him that he was waiving his right to appeal his sentence by pleading guilty, citing La.C.Cr.P. art. 881.2 A(2).[1]
*102 The colloquy indicates that the trial court informed the defendant that by pleading guilty, he waived his right to an appeal, if convicted. The trial court explained that if the case went to trial and the defendant was convicted, the possible sentences ranged from five years to ninety-nine years at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court then stated:
I have agreed that a presentence will be ordered. The sentencing will be ultimately between 15 and 25 years, all to run together concurrently. That will be decided only after your attorney and the State's attorney and the court have reviewed the presentence investigation report and I've listened to anything that either or both sides wish to present at a motion hearing.
Although the trial court failed to state that it would impose sentences of an exact number of years, the colloquy and the guilty plea forms reflect that the defendant knew that the sentences imposed would range from fifteen to twenty-five years depending upon the pre-sentence investigation. Contrary to the defendant's claim, nothing in the record indicates that the State, the trial court, and the defense had agreed that his guilty plea was predicated on his right to appeal any sentence received. Clearly, the sentences imposed by the trial court conform to the defendant's plea agreement. Thus, this pro se assignment of error is without merit.

CONCLUSION
Accordingly, for the reasons stated herein, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 881.2A(2) provides that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."