STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1164


STATE OF LOUISIANA

VERSUS

CORNELIUS EUGENE WILSON
A/K/A N.O.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 312634
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE


**********

PER CURIAM

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.


**MOTION TO WITHDRAW DENIED. ADDITIONAL BRIEFING ORDERED.**


James C. Downs
District Attorney
Thomas R. Willson
Assistant District Attorney
Post Office Drawer 1630
Alexandria, LA 71309
(318) 442-8658
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Cornelius Eugene Wilson, a/k/a "N.O."**

**PER CURIAM:**

The defendant pled guilty to home invasion, a violation of La.R.S. 14:62.8, and attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. The trial court sentenced the defendant to twenty years at hard labor on each count, to run concurrently with each other. Further, the trial court ordered that the first ten years of the defendant's sentence for attempted second degree murder be served without the benefit of probation, parole, or suspension of sentence. The defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). For the following reasons, we deny defense counsel's motion to withdraw and order additional briefing to be filed within fifteen days of the date of this opinion. We also order the State of Louisiana to file a brief within thirty days of the date of this opinion.

### Discussion

The State alleged that the defendant, Cornelius Eugene Wilson, along with several accomplices, forced his way into a residence in Alexandria. The record indicates that the allegations were that the defendant and his accomplices shot one of the residents and beat another, and that they took various items from the residence. The defendant was initially charged with attempted first degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30; home invasion, a violation of La.R.S. 14:62.8; second degree kidnapping, a violation of La.R.S. 14:44.1; conspiracy to commit home invasion, a violation of La.R.S. 14:26 and La.R.S. 14:62.8; conspiracy to commit aggravated burglary, a violation of La.R.S. 14:26 and La.R.S. 14:60; and accessory after the fact, a violation of La.R.S. 14:25.

Thereafter, the defendant pled guilty to attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1, and home invasion, a violation of

La.R.S. 14:62.8. Pursuant to a plea agreement, the State agreed to a sentencing cap of twenty-five years and to *nolle prosequi* the defendant's other charges. At the defendant's sentencing hearing, the trial court sentenced the defendant to twenty years at hard labor on each count, to be served concurrently with each other. The trial court also ordered that the first ten years of the defendant's sentence for attempted second degree murder be served without the benefit of probation, parole, or suspension of sentence. A motion for reconsideration was denied.

The defendant appealed, and his appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that no non-frivolous issues exist upon which to base an appeal and seeking to withdraw as the defendant's counsel.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the appellate review of *Anders* briefs, stating:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

This approach was approved by the supreme court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176. Further, although "[a]n *Anders* brief need not catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" it "must

2

review not only the procedural history of the case and the evidence presented at trial but must also provide, as did the *advocate's* brief in *Mouton*, 'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, 241-42.

Pursuant to *Anders*, appellate counsel has filed a brief which cites an excessive sentence as a potentially appealable error. However, the defendant's appellate counsel also notes that the defendant agreed to a twenty-five year sentencing cap and that the twenty-year sentence that was imposed was below the sentencing cap. Louisiana Code of Criminal Procedure Article 881.2(A)(2) prohibits a defendant from appealing a sentence which was "imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Further, where a defendant enters into a plea agreement for a specific sentencing range or sentence, that specific sentencing range or sentence is recognized by the court at the sentencing hearing and the defendant is actually sentenced in conformity with that agreement, the defendant may not seek appellate review of his sentence. *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36 (quoting *State v. Goodman*, 96-376 (La.App. 3 Cir. 11/6/96), 684 So.2d 58). Thus, we conclude that the defendant's appellate counsel correctly determined that the defendant cannot make a non-frivolous argument on appeal alleging that his sentence is excessive.

This court has performed a thorough review of the record, including the pleadings, minute entries, the charging instrument, and the transcript. The record indicates that the defendant was present and represented by counsel at all crucial stages of the proceedings and that he acknowledged his guilty plea on the plea

3

form.  Further, the record indicates that the trial court properly informed the defendant of his constitutional rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), and discussed the defendant's sentencing exposure for the crimes of home invasion and attempted second degree murder.

However, our review of the record reveals a potential issue for appeal which was not addressed in the *Anders* brief.  At the guilty plea hearing, the trial court stated:

> On Home Invasion, this is what the State would have to prove: That is the Unauthorized entering of an Inhabited Dwelling, or other structure, belonging to another and used in whole or in part as a home or a place of abode by a person.  Where a person is present, with the intent to use force or violence upon a person of another, or to vandalize the face [sic], damage the property of another.  . . . Attempted Second Degree Murder, I'm going to read to you the definition of Second Degree Murder, even though you're not pleading guilty to that, because you're charged with an attempt to do this, okay?  So, Second Degree Murder is the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of a Second Degree Kidnapping, or an Armed Robbery, even though he has no intent to kill or inflict great bodily harm – okay.  And, so what you're charged with doing, is attempting to do that.  And, that is any person who having a specific intent to commit a crime, does an act for the purpose of intending directly toward the accomplishing of his object, is guilty of an attempt to commit the offense intended.  And, it shall be immaterial, whether under the circumstances; he would have actually accomplished his purpose.  So, what that means is, someone who has a specific intent to commit a crime, the State says that you had a specific intent to commit the crime of Armed Robbery, Second Degree Kidnapping, and Home Invasion, and you do an act for the purpose of intending directly towards the accomplishing of this object.  Any act in furtherance. You sit down and you make a plan, you go to the house, you get a gun, you knock on the door, those are act[s] in furtherance.  You're guilty of and [sic] attempt to commit the offense intended.  And, if the offense so attempted is punishable by death or life imprisonment, you shall be imprisoned at hard labor not less than 10, no more than 50 years, and that's with without benefit of probation, parole or suspension of sentence.  Do you understand what the State would have to prove and what the possible penalties could be?

Louisiana Code of Criminal Procedure Article 556.1(A)(1) requires the trial court, in felony cases, to inform the defendant of and to determine that a defendant understands "[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Our review of the transcript of the defendant's guilty plea hearing indicates that an arguable basis for appeal exists with regard to whether the trial court properly informed the defendant that specific intent to kill is an essential element of attempted second degree murder. *See State v. Bishop*, 01-2548 (La. 1/14/03), 835 So.2d 434.

Accordingly, we deny appellate counsel's motion to withdraw. Further, we order defense counsel, within fifteen days of the date of this opinion, to brief the issues of: 1) whether the trial court properly informed the defendant of the essential elements of the offense to which he pled, and 2) whether the defendant's guilty plea was rendered involuntary as a result of any such failure. The State of Louisiana shall file a brief on the same issues within thirty days of the date of this opinion.

### DECREE

For the foregoing reasons, defense counsel's motion to withdraw is denied. Further, defense counsel is ordered to brief, within fifteen days of the date of this opinion, the issues of whether the trial court properly informed the defendant of the essential elements of the offense to which he pled, and whether the defendant's guilty plea was rendered involuntary as a result of any such failure. The State of

5

Louisiana shall file a brief on the same issues within thirty days of the date of this opinion.

**MOTION TO WITHDRAW DENIED. ADDITIONAL BRIEFING ORDERED.**