STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1164

STATE OF LOUISIANA

VERSUS

CORNELIUS EUGENE WILSON
A/K/A N.O.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 312634
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED WITH INSTRUCTIONS.

James C. Downs
District Attorney
Thomas R. Willson
Assistant District Attorney
Post Office Drawer 1630
Alexandria, LA   71309
(318) 442-8658
COUNSEL FOR APPELLEE:
        State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Cornelius Eugene Wilson, a/k/a "N.O."**

**AMY, Judge:**

The defendant pled guilty to home invasion, a violation of La.R.S. 14:62.8, and attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. The trial court sentenced the defendant to twenty years at hard labor on each count, to run concurrently with each other. Further, the trial court ordered that the first ten years of the defendant's sentence for attempted second degree murder be served without the benefit of probation, parole, or suspension of sentence. The defendant's appellate counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). However, this court denied the defendant's *Anders* motion and ordered additional briefing. Having received the additional briefing, for the following reasons, we affirm the defendant's conviction and order the trial court to correct the commitment order.

## Factual and Procedural Background

According to the State, the defendant, Cornelius Eugene Wilson, and several accomplices forced their way into a residence. Thereafter, according to the allegations, the defendant and his accomplices shot one of the residents, beat another, and took various items from the residence. The defendant was initially charged with attempted first degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30; home invasion, a violation of La.R.S. 14:62.8; second degree kidnapping, a violation of La.R.S. 14:44.1; conspiracy to commit home invasion, a violation of La.R.S. 14:26 and La.R.S. 14:62.8; conspiracy to commit aggravated burglary, a violation of La.R.S. 14:26 and La.R.S. 14:60; and accessory after the fact, a violation of La.R.S. 14:25.

Thereafter, pursuant to a plea agreement, the defendant pled guilty to attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1,

and home invasion, a violation of La.R.S. 14:62.8, and the State agreed to a sentencing cap of twenty-five years and to *nolle prosequi* the defendant's other charges. The trial court subsequently sentenced the defendant to twenty years at hard labor on each count, to be served concurrently with each other. The trial court also ordered that the first ten years of the defendant's sentence for attempted second degree murder be served without the benefit of probation, parole, or suspension of sentence.

The defendant appealed, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that no non-frivolous issues exist upon which to base an appeal and seeking to withdraw as the defendant's counsel. However, in *State v. Wilson*, 13-1164 (La.App. 3 Cir. 3/26/14), __ So.3d __, this court denied the defendant's *Anders* motion and ordered additional briefing on the issues of "1) whether the trial court properly informed the defendant of the essential elements of the offense to which he plead, and 2) whether the defendant's guilty plea was rendered involuntary as a result of any such failure." *Id.* at __. Pursuant to that order, additional briefing has now been submitted.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. Our review of the record reveals one error which requires correction by this court. The sentencing transcript and the minutes reflect that the trial court ordered that the first ten years of the defendant's sentence for attempted second degree murder be served without the benefit of probation, parole, or suspension of sentence. However, the commitment order states that

"[t]hese sentences are to run concurrent with each other. Court designates these charges as crimes of violence. The first (10) years are to be served without the benefits of probation parole or suspension of sentence." We find that the wording of the commitment order does not clearly indicate that the restriction was to be imposed only on the defendant's sentence for attempted second degree murder. Accordingly, we order the trial court to correct the commitment order to accurately reflect the sentences imposed.

*Failure to Inform the Defendant Pursuant to La.Code Crim.P. art. 556.1*

Pursuant to La.Code Crim.P. art. 556.1(A), when accepting a plea of guilty or nolo contendere, the trial court must personally inform the defendant of, and determine that he understands "[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." This court has determined that, in order to comply with Article 556.1, the trial court must advise the defendant of the elements of the charges against him. *State v. Morrison*, 99-1342 (La.App. 3 Cir. 3/1/00), 758 So.2d 283.

Here, the record reveals that the trial court did not properly inform the defendant as to the elements of the crime of attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. Louisiana Revised Statutes 14:30.1, in relevant part, defines second degree murder as:

the killing of a human being:

(1) When the offender has a specific intent to kill or to inflict great bodily harm; or

(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, second degree kidnapping, aggravated escape, assault by drive-by shooting, armed

robbery, first degree robbery, second degree robbery, simple robbery, cruelty to juveniles, second degree cruelty to juveniles, or terrorism, even though he has no intent to kill or to inflict great bodily harm.

In *State v. Bishop*, 01-2548, p. 4 (La. 1/14/03), 835 So.2d 434, 437, the supreme court addressed the elements of the crime of attempted second degree murder, stating:

> To sustain a conviction for attempted second degree murder, the state must prove that the defendant: (1) intended to kill the victim; and (2) committed an overt act tending toward the accomplishment of the victim's death. La. R.S. 14:27; 14:30.1. Although the statute for the completed crime of second degree murder allows for a conviction based on "specific intent to kill or to inflict great bodily harm," La. R.S. 14:30.1, attempted second degree murder requires specific intent to kill.

At the defendant's guilty plea proceedings, the trial court stated:

> On Home Invasion, this is what the State would have to prove: That is the Unauthorized entering of an Inhabited Dwelling, or other structure, belonging to another and used in whole or in part as a home or a place of abode by a person. Where a person is present, with the intent to use force or violence upon a person of another, or to vandalize the face [sic], damage the property of another. . . . Attempted Second Degree Murder, I'm going to read to you the definition of Second Degree Murder, even though you're not pleading guilty to that, because you're charged with an attempt to do this, okay? So, Second Degree Murder is the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of a Second Degree Kidnapping, or an Armed Robbery, even though he has no intent to kill or inflict great bodily harm – okay. And, so what you're charged with doing, is attempting to do that. And, that is any person who having a specific intent to commit a crime, does an act for the purpose of intending directly toward the accomplishing of his object, is guilty of an attempt to commit the offense intended. And, it shall be immaterial, whether under the circumstances; he would have actually accomplished his purpose. So, what that means is, someone who has a specific intent to commit a crime, the State says that you had a specific intent to commit the crime of Armed Robbery, Second Degree Kidnapping, and Home Invasion, and you do an act for the purpose of intending directly towards the accomplishing of this object. Any act in furtherance. You sit down and you make a plan, you go to the house, you get a gun, you knock on the door, those are act[s] in furtherance. You're guilty of and [sic] attempt to commit the offense intended. And, if the

4

offense so attempted is punishable by death or life imprisonment, you shall be imprisoned at hard labor not less than 10, no more than 50 years, and that's with without benefit of probation, parole or suspension of sentence. Do you understand what the State would have to prove and what the possible penalties could be?

Thus, the record indicates that, although the trial court read one of the definitions of second degree murder provided in La.R.S. 14:30.1, it failed to clarify that attempted second degree murder, *i.e.*, the crime to which the defendant pled guilty, requires specific intent to kill. *See Bishop*, 835 So.2d 434.

However, "[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La.Code Crim.P. art. 556.1(E). Further, because the requirements of Article 556.1(A)(1) are statutory requirements, as opposed to constitutional requirements (such as the requirement that the defendant be informed of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969)), errors concerning Article 556.1(A)(1) are subject to the harmless error analysis. *State v. Stephan*, 11-648 (La.App. 3 Cir. 12/7/11), 79 So.3d 1175 (quoting *State v. Ford*, 06-1435 (La.App. 3 Cir. 4/4/07), 954 So.2d 876).

This court has previously stated that the defendant must allege that there was a misunderstanding as to the nature of the charges to which he pled guilty. *See State v. Whiddon*, 99-1 (La.App. 3 Cir. 6/2/99), 741 So.2d 797. Further, in *State v. Gross*, 99-3534, p. 1 (La. 6/23/00), 768 So.2d 592, 593, the supreme court found that, where the defendant was charged with capital murder and ultimately pled guilty to second degree murder,

> the trial court's failure to advise the defendant, as part of the plea colloquy required by La.Code Crim. Proc. art. 556.1, that a charge of first degree felony murder under La.Rev.Stat. 14:30A(1) requires the state to prove specific intent to kill or to inflict great bodily harm, as opposed to second degree felony murder, another life

5

offense, which does not have a specific intent component, La.Rev.Stat. 14:30.1A(2)(a), cannot " 'reasonably be viewed as having a material factor affecting the [defendant's] decision to plead guilty." ' *State v. Guzman*, 99-1528, p. 11 (La. 5/16/00), 769 So.2d 1158, 1165 (quoting *United States v. Johnson*, 1 F.3d 296, 301-02 (5th Cir.1993)).

Having reviewed the record before us, we find nothing that would indicate that the defendant was unaware of the nature of the charge nor anything that would indicate that the defendant's guilty plea was involuntary. The trial court confirmed that the defendant intended to plead guilty to home invasion and attempted second degree murder, informed the defendant of his *Boykin* rights, and determined that the defendant understood those rights. Additionally, the defendant was initially charged with attempted first degree murder, home invasion, armed robbery, second degree kidnapping, conspiracy to commit home invasion, conspiracy to commit aggravated burglary, and accessory after the fact. The majority of these charges were dismissed pursuant to the defendant's guilty plea and the attempted first degree murder charge was changed to attempted second degree murder. *See Gross*, 768 So.2d 592; *Stephan*, 79 So.3d 1175.

In his appellate brief, the defendant does not assert that there was a misunderstanding as to the nature of the charges to which he pled guilty, but argues that "[t]here is no indication that this seventeen-year-old with a tenth grade education actually understood the proceedings."[1] We note that, in addition to stating that his plea of guilty was free and voluntary, the defendant indicates on the guilty plea form contained in the record that he "underst[ood] all of [his] constitutional rights and the nature of the charge[,]" and the trial court confirmed that the defendant had "been through this form" with his attorney.

---

[1] At his guilty plea hearing, the defendant indicated that he was eighteen years old.

Thus, based on our review of the evidence in this record, we do not find an indication that any violation of La.Code Crim.P. art. 556.1 in this case undercut the voluntariness of the defendant's plea. Any argument by the defendant regarding voluntariness of the guilty plea that is reliant on additional evidence would be relegated to post-conviction proceedings. Accordingly, we find no merit to this argument.

## DECREE

For the foregoing reasons, the convictions of the defendant, Cornelius Eugene Wilson, for home invasion and attempted second degree murder are affirmed. Within ten days of the date of this opinion, the trial court is ordered to correct the commitment order to accurately reflect the sentences imposed.

**AFFIRMED WITH INSTRUCTIONS.**