**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**23-373**


**STATE OF LOUISIANA**

**VERSUS**

**LUKE L. BOUDINE, JR.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL TRIAL COURT
PARISH OF VERMILION, NO. 67555
HONORABLE THOMAS JAMES FREDERICK, TRIAL JUDGE

**\*\*\*\*\*\*\*\*\*\***

**GARY J. ORTEGO**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sharon Darville Wilson, Gary J. Ortego, and Wilbur L. Stiles, Judges.


**CONVICTION AND SENTENCE AFFIRMED.**

**Donald Dale Landry**
**District Attorney**
**Fifteenth Judicial District, Lafayette Parish**
**P.O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Christopher Albert Aberle**
**Louisiana Appellate Project**
**P.O. Box 8583**
**Mandeville, LA 70470**
**(985) 871-4084**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Luke L. Boudine, Jr.**

**Aaron M. Meche**
**Assistant District Attorney**
**Fifteenth Judicial District, Vermilion Parish**
**100 North State Street, Suite 215**
**Abbeville, LA 70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**ORTEGO, Judge.**

Defendant, Luke L. Boudine, Jr., a/k/a Luke Boudine, a/k/a/ Luke Boudine, Jr., a/k/a Luke Landell Boudine, a/k/a Luke Landell Boudine, Jr., a/k/a Luke Lyndell Boudine, Jr., appeals his plea/conviction of manslaughter, in violation of La.R.S. 14:31. Defendant argues that a remand for a hearing on the voluntariness of his plea of manslaughter is required because (1) the trial court failed to accurately advise Defendant of the nature of the charges, and (2) his plea lacks a factual basis. Defendant further argues that a remand is necessitated by the lack of a factual basis specifically as it relates to his sentencing. For the following reasons, we affirm Defendant's conviction and sentence.

## PROCEDURAL HISTORY

On August 23, 2021, a Vermilion Parish grand jury indicted Defendant with one count of second-degree murder, in violation of La.R.S. 14:30.1. Thereafter, on December 8, 2021, Defendant entered into a plea agreement with the State. As part of the plea agreement, the State amended Defendant's charge down to manslaughter, in violation of La.R.S. 14:31, and Defendant pled no contest to the amended charge.

On March 17, 2023, Defendant appeared for sentencing. At the conclusion of the hearing, the trial court ordered Defendant to serve thirty years at hard labor, credited Defendant for all time served, and designated Defendant's penalty to run concurrently with any other sentence Defendant was serving. Defendant did not file a request for reconsideration as to sentence.

Defendant now appeals. On September 11, 2023, the State filed a response brief, and on September 21, 2023 Defendant filed a reply to that response.

# FACTS

As Defendant entered a plea agreement and pled no-contest, the record lacks a factual basis established at trial. However, the information in the presentence investigation report shows that Defendant was a friend or friendly with the victim, Jadan Ben. On the evening of June 28, 2021, Defendant picked up Mr. Ben in a car belonging to Defendant's aunt, and they rode around together. The joint ride ended when Defendant shot Mr. Ben eleven times and either pushed him out of the vehicle or left him in the roadway. Before he died, Mr. Ben identified Defendant as the person who shot him. Defendant abandoned the car and the two guns used in the shooting. Defendant then enlisted the assistance of additional relatives so he could go into hiding at a nearby Days Inn.

On December 8, 2022, Defendant entered a no contest plea to manslaughter, in violation of La.R.S. 14:31. The text of the plea, as contained on the plea form, is as follows:

> "I, Luke Boudine Jr., on my plea of GUILTY/NO CONTEST, to the charge of Manslaughter, have been informed and understand the charge to which I am pleading guilty, as well as the following [*Boykin*] rights . . . ."

In signing the form, Defendant further acknowledged, "I further state that my plea in this matter is free and voluntary."

At the plea hearing, and prior to accepting Defendant's plea, the trial court questioned Defendant, "Do you understand that the sentence which can be imposed upon you for the crime of manslaughter is imprisonment at hard labor for not more than forty years?" Defendant replied, "Yes, sir." After that, Defendant affirmed that he had read his plea agreement, understood it, and signed it freely and voluntarily. The trial court then found Defendant to be competent, to have a clear

understanding of the charges against him, to have a clear understanding of the possible penalties, to have had the benefit of consulting with an attorney, and to have freely and voluntarily signed the plea form.

After questioning Defendant regarding his understanding of his individual *Boykin* rights and the waiver thereof, the trial court found Defendant had knowingly and voluntarily waived his rights. The trial court then advised Defendant that by pleading no contest, he was "not admitting nor disputing any of the facts alleged" but was agreeing that, if they "went to trial [,] these facts would be proven." The trial court queried whether Defendant understood that a no contest plea had the same effect as a guilty plea, and Defendant said he understood.

The trial court then asked Defendant to listen carefully to the *factual basis* of Defendant's charge, stating:

> [T]he State hereby amends the indictment to allege the crime of manslaughter in lieu of second degree murder and would offer evidence in support that[,] on or about June 28, 2021, Luke Boudine committed a homicide on one Jaylan Ben under circumstances by provocation which would cause the inhabitant [sic] person to lose self control of a proven plan [sic].

The trial court inquired whether Defendant disputed or challenged the facts, and Defendant said he did not. When the trial court asked Defendant how he pled to the charge of manslaughter, Defendant responded, "No contest." The trial court further asked if Defendant was pleading no contest because he felt it was in his best interest, and Defendant agreed, "Yes, sir." Shortly thereafter, the trial court found a factual basis for and accepted Defendant's plea.

The record shows that Defendant did not object or file a motion to withdraw his plea.

3

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENTS OF ERROR

On appeal, Defendant argues that:

1. Remand for a hearing on the voluntariness of the plea is required because (1) the district court failed to accurately advise Boudine of the nature of the charges, and (2) the plea lacks a factual basis, which is necessitated by Boudine's post-plea, innocence-related protestations.

2. Remand for further findings at sentencing is necessitated by the lack of a factual basis in support of sentencing.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant challenges the voluntariness of his no contest plea and submits "Remand for a hearing on the voluntariness of the plea is required because (1) the district court failed to accurately advise Boudine of the nature of the charges, and (2) the plea lacks a factual basis, which is necessitated by Boudine's post-plea, innocence-related protestations."

Defendant argues the trial court's advisement that a manslaughter was a homicide committed under provocation was an insufficient advisement of the nature of the offense. Defendant alleges this is especially true in light of Defendant's post-plea comments suggesting he had no specific intent to kill and acted in self-defense. Defendant asserts the State's advisement about the nature of the charge was insufficient because it used the term "homicide," which encompasses more types of human death than first or second degree murder; "homicide" is a broader term than defined by La.R.S. 14:31. The defense argues

4

that this court should find that the instruction on the nature of the offense must have included the terms "murder" and "specific intent to kill."

Defendant further contends that there was no factual basis for Defendant's conviction given at the plea hearing and that the record is entirely devoid of a factual basis for the conviction. Again, the defense points to Defendant's post-plea comments suggesting Defendant had no specific intent to kill and acted in self-defense as a reason to remand for a hearing to determine whether Defendant understood the nature of the offense and whether the plea was supported by a significant factual basis.

In its response brief, the State argues it provided a factual basis for the charge to which Defendant was pleading, Defendant made no indication at the plea hearing that he did not understand the nature of the charge, and Defendant did not protest or dispute the factual basis provided by the State. As such, the State asserts Defendant cannot now make a valid claim that he did not understand the nature of the charge at the time of the plea. The State further denies Defendant's claims that he was not accurately advised of the nature of the charges and that both Defendant's plea and sentence lack a factual basis.

Both the State and the defense cite to *State v. Clause*, 22-545 (La.App. 3 Cir. 1/25/23), 354 So.3d 1269, in their briefs. In *Clause*, this court relied upon *State v. McGarr*, 52,641, 52,642 (La.App. 2 Cir. 4/10/19), 268 So.3d 1189, for the purpose of establishing the standard of reviewing pleas on appeal:

> When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Cooper*, 52,408 (La. App. 2 Cir. 11/08/18), 261 So.3d 975; *State v. Martin*, [48-45 (La.App. 2 Cir. 5/15/13), 115 So.30 750].

5

An express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Boykin*, *supra*; *State v. Johnson*, 51,430 (La.App. 2 Cir. 07/05/17), 224 So.3d 505; *State v. Kennedy*, 42,850 (La. App. 2 Cir. 01/09/08), 974 So.2d 203. A plea of guilty normally waives all non jurisdictional defects in the proceedings prior to the plea, including insufficiency of the evidence. *State v. Crosby*, 338 So.2d 584 (La. 1976); *State v. Johnson*, *supra*; *State v. Stephan*, 38,612 (La. App. 2 Cir. 08/18/04), 880 So.2d 201. A validly entered guilty plea, or plea of *nolo contendere*, waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. *State v. Bourgeois*, 406 So.2d 550 (La. 1981); *State v. Cooper*, *supra*; *State v. Hardy*, 39,233 (La. App. 2 Cir. 01/26/05), 892 So.2d 710.

*Clause*, 354 So.3d at 1275 (quoting *McGarr*, 268 So.3d at 1196–97).

In addition to advising defendants of the *Boykin* constitutional rights they waive as a result of a plea, the trial court has statutory duties in relation to guilty and nolo contendere pleas:

A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.

(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.

(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

6

(5) That if he pleads guilty or nolo contendere, he may be subject to additional consequences or waivers of constitutional rights in the following areas as a result of his plea to be informed as follows:

. . . .

(d) It shall be sufficient to utilize a form which conveys this information [about the additional consequences of the plea] to the client and the form shall constitute prima facie evidence that the content was conveyed and understood.

B. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.

C. (1) The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the trial attorney and the defendant or his attorney. . . .

. . . .

E. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.

La.Code Crim.P. art. 556.1. "[E]rrors concerning Article 556.1(A)(1) are subject to the harmless error analysis." *State v. Wilson*, 13-1164, p. 5 (La.App. 3 Cir. 5/7/14), 157 So.3d 83, 86.

[V]iolations of Article 556.1 that do not rise to the level of *Boykin* violations are subject to a harmless error analysis. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty.

The test for the validity of a guilty plea does not depend on whether the trial court specifically informed defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. Further, this Court has found that "[w]hen a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks

him to admit." *State v. Dadney*, 14-511 (La. App. 5 Cir. 12/16/14), 167 So.3d 55, 60, *writ denied*, 15-90 (La. 10/30/15), 179 So.3d 614.

*State v. Blunt*, 20-171, p. 9 (La.App. 5 Cir. 11/18/20), 307 So.3d 384, 392–93 (citations omitted); *State v. Minniefield*, 43,300, (La.App. 2 Cir. 6/4/08), 986 So.2d 227.

Also in *Clause*, this court quoted from *State v. Johnson*, 04-1266 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, for the principles that no contest/nolo contendere pleas are not the same as pleas wherein the defendants maintain their innocence and, therefore, no contest/nolo contendere pleas do not require a factual basis:

> Generally, a defendant waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilt, or plea of *nolo contendere*. *State v. Brooks*, 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724. "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a *significant factual basis* for the defendant's plea." *State v. Linear*, 600 So.2d 113, 115 (La.App. 2 Cir.1992); *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, this court has held that a plea of *nolo contendre* [sic] alone, unlike a guilty plea accompanied by a claim of innocence, does not put the trial court on notice that a significant factual basis must be obtained. *State v. Villarreal*, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, *writ denied*, 00-1175 (La. 3/16/01), 786 So.2d 745; *State v. Guffey*, 94-797 (La.App. 3 Cir. 2/1/95), 649 So.2d 1169, *writ denied*, 95-973 (La. 9/22/95), 660 So.2d 469.

*Clause*, 354 So.3d at 1279–80 (quoting *Johnson*, 893 So.2d at 950).

Instead, a plea of no contest/nolo contendere is the equivalent of an admission of guilt and is treated as a guilty plea. *State v. Gordon*, 04-633, (La.App. 1 Cir. 10/29/04), 896 So.2d 1053, *writ denied*, 04-3144 (La. 4/1/05), 897 So.2d 600. "A guilty plea relieves the state of the burden of proving guilt and waives the defendant's right to question the merits of the state's case and the factual basis underlying the conviction, as well as appellate review of the state's

case against the defendant." *State v. Dungan*, 54,031, pp. 24-25 (La.App. 2 Cir. 9/22/21), 327 So.3d 634, 647-48 (citing *State v. Hardy*, 39,233 (La.App. 2 Cir. 1/26/05), 892 So.2d 710), *writ denied*, 21-1679 (La. 1/26/22), 332 So.3d 82.

This court has found that including the handwritten term "*Alford* plea" in the plea of guilty/nolo contendere form along with the defendant's assertion that she intended to enter an *Alford* plea was sufficient to require a remand for the purpose of determining whether the plea was a no contest or an *Alford* plea and for the entry of a factual basis for the plea if it was entered in accordance with *Alford*. *State v. Anderson*, 16-588, (La.App. 3 Cir. 3/1/17), 214 So.3d 979, *writ denied*, 17-864 (La. 1/29/18), 233 So.3d 609.

However, in *State v. Whiddon*, 99-1, (La.App. 3 Cir. 6/2/99), 741 So.2d 797, this court held harmless the trial court's failure to read the elements of an offense in satisfaction of La.Code Crim.P. art. 556.1(A)(1)'s statutory requirement to inform the defendant of the nature of the charges where the defendant did not allege any misunderstanding as to the nature of the charges and where there was no indication that the defendant's plea was involuntary. This court then went on to explain that the statutory requirement to advise a defendant of the nature of the plea was not a mandate to obtain a factual basis in support of the plea.

In *State v. Ford*, 02-1394, (La.App. 4 Cir. 4/16/03), 846 So.2d 98, *writ denied*, 03-1401 (La. 11/26/03), 860 So.2d 1132, the fourth circuit found the defense failed to support its claim that the record contained no evidence to indicate the defendant understood the nature of the charges against him where 1) the trial court informed the defendant he was pleading guilty to armed robbery, 2) the trial court informed the defendant of the mandatory minimum and maximum sentences for the offense, 3) the trial court personally questioned the defendant regarding his

waiver of his *Boykin* rights, 4) the defendant was represented by counsel at the time of his plea, and 5) the defendant failed to complain that he did not understand the charges against him. The fifth circuit, in *State v. Forrest*, 04-43, (La.App. 5 Cir. 5/26/04), 876 So.2d 187, reached the same conclusion in a case involving the same claim and similar facts.

Additionally, in the instant case, the Defendant raises no question regarding whether the district court advised Defendant of his constitutional rights or whether Defendant understood and validly waived those rights.

Thus, we find this argument by Defendant is without merit.

Next, Defendant argues that his plea required a substantial factual basis to be read into the record at the time of the plea. We find this argument is misguided.

Our review of the record clearly shows Defendant voluntarily intended to enter a no contest plea. The plea form indicates Defendant intended to plead nolo contendere, and at the plea hearing, Defendant agreed that he had read the form, understood it, and signed it freely and voluntarily. There is no mention of *Alford* on Defendant's plea form. At the plea hearing, the trial court told Defendant a plea of no contest meant Defendant agreed that, if the case went to trial, the State would prove these facts. Further, Defendant indicated his understanding that his no contest plea had the same effect as a guilty plea.

Additionally, when the State announced at the plea hearing that if the matter went to trial the evidence would prove, "on or about June 28, 2021, Luke Boudine committed a homicide on one Jaylan Ben under circumstances by provocation which would cause the inhabitant [sic] person to lose self control of a proven plan [sic][,]" Defendant specifically declined to dispute or challenge the state's

statement of facts on the record. Finally, when the trial court asked Defendant how he pled to the charge of manslaughter, Defendant answered, "No contest."

Defendant made no indication on the plea form or at the plea colloquy that he intended to maintain his innocence; and Defendant did not request or file a motion to withdraw his no contest plea.

In summary, the record clearly shows Defendant intended to plead no contest, and he pled no contest to these charges; thus, the trial court was not required to give a factual basis for Defendant's plea.

As to Defendant's argument that the trial court erred in failing to inform Defendant of the nature of the charge against him, the record shows the trial court did not read the elements of the offense of manslaughter to Defendant during the plea colloquy. As such, the trial court failed to inform Defendant of the nature of the charge, which is a violation of La.Code Crim.P. art. 556.1(A)(1). However, in order to be entitled to the relief requested, Defendant must prove that had the trial court informed Defendant of the elements of the offense, Defendant would not have pled no contest.

Here, and as previously stated, Defendant read and understood his plea form; Defendant agreed to plead no contest to manslaughter; and Defendant specifically declined to challenge or dispute the State's allegation that the evidence would show he "committed a homicide on one Jaylan Ben under circumstances by provocation which would cause the inhabitant [sic] person to lose self control of a proven plan [sic]." Additionally, the trial court informed Defendant of the penalty range for manslaughter, and Defendant failed to raise any complaint that he did not understand the charges against him.

11

Thus, we find that Defendant failed to meet his burden of proving that he would have maintained his not guilty plea had the trial court specifically read the elements of the offense of manslaughter into the record at the time of his plea.

Accordingly, this assignment of error is without merit.

<u>**ASSIGNMENT OF ERROR NUMBER 2:**</u>

In this assignment of error, Defendant challenges the validity of his sentence based upon the factual basis provided by the sentencing court, and submits "Remand for further findings at sentencing is necessitated by the lack of a factual basis in support of sentencing." Defendant argues the trial court should have given greater weight to Defendant's young age; his status as a first offender;[1] Defendant's claim he did not intend to kill his friend; and Defendant's assertion that he acted in self-defense. Defendant asks this court to remand Defendant's case for the trial court to provide a factual basis in support of its reasons for sentencing.

A review of the record shows that at the beginning of the sentencing hearing, the trial court commenced the proceeding by making its findings of facts based upon Defendant's presentence investigation, as follows:

> Mr. Boudine, you were here before this Court on December 8 of last year, 2022, and on that date you entered a plea of no contest to the crime of manslaughter. At that ti[m]e[,] I ordered a pre-sentence investigation and deferred sentencing until today's date. I have received the pre-sentence report and have studied it for the purpose of determining an appropriate sentencing in this case. I've shared that report with the Assistant District Attorney and with your attorney Mrs. Johnson. The possible sentence which can be imposed upon you for the offense of manslaughter . . . is imprisonment at hard labor for not more tha[n] forty years. The pre-sentence report does not reflect any prior convictions or pending charges. Thus[,] the defendant is

---

[1]The record shows Defendant had spent time in a juvenile detention center, so this was Defendant's first <u>adult</u> offense.

technically or officially classified as a first offender. Although the Court does take notice that the defendant admitted to the existence of a juvenile record and, in fact, that is where he met the victim when they were both in [a] juvenile detention center. When offered the opportunity to make a statement for the purposes of this report[,] the defendant deferred until the time of sentencing. The Court has received several letters or statements from the defendant[']s family and friends, 21 to be exact. The Court has read each of these letters and will make them a part of the record. Finally, the Court is in receipt of and has read letters or statements submitted by the victim[']s family regarding the loss they suffered and asking simply that justice be served. These statements are made a part of the pre-sentencing report which is now made a part of the record and will be placed under seal, as well as the statements on behalf of the defendant.

In concluding the sentencing hearing, the trial court gave additional reasons

for its ruling:

The Court has carefully studied the pre-sentence report, including the lack of record or prior offenses. Factors in mitigation presented by the defendant and the letters submitted by both the defendant's family and the victim's family. The Court has considered these matters, as well as the nature of the offense. In light of the provisions of Article 894.1 of the Code of Criminal Procedure, the Court makes the following findings regarding the sentence.

As I mentioned earlier, in preparing for today's sentencing, I read the statements submitted on behalf of the defendant. The general theme of these statements is that the defendant is not a bad person. And, but for his admission to committing this act, I may believe it. Emphasis was placed on the fact that the defendant was raised in a single parent home without a father figure. But being raised in a single parent home is no excuse for committing a criminal or bad act. The defendant's actions alon[e] caused the damage, which was done, the taking of another person's life. Thus, he must bear the ultimate responsibility. Many offered to assist the defendant to find employment and stay out of trouble once his sentence is complete. Well, the Court has a question for these people. Where were you when this defendant needed you most? After he committed the act, it is not the time to offer help, but rather before it was committed. There is one simple model to live by it is easier to stay out of trouble th[a]n to get out of trouble. You have plead no contest to a very serious crime. A crime which included the use of a dangerous weapon, a firearm, and inflicted death or great bodily harm upon the victim. There has been no evidence of provocation or anything that would justify - - that would suggest justification for your conduct. In fact, all indications that the defendant and the victim were friends or acquaintances. And that the defendant picked up the victim in North

Lafayette, drove him to [a] remote location South of Abbeville where he shot a defenseless victim. The Court finds that the fact that the victim was shot multiple times, suffering eleven gunshot wounds, without any suggestion of provocation or justification highlights the brutality of this offense. The letters requested leniency on behalf of the defendant. Leniency was given when the charge was reduced, when he plead to the amended charge, and avoided life imprisonment without benefit of parole, probation, or suspension. Under the law[,] you may be entitled to a probated sentence, but this Court finds that a lesser sentence would deprecate the seriousness of that crime. For that reason[,] imprisonment for a period of time is warranted. Therefore[,] the sentence which I impose upon you is as follows:

I remand you to the custody of [the] Department of Corrections for a period of thirty years. You are also given credit for any time you have served on this charge. Your sentence has not been enhanced pursuant to the provisions of Revised Statu[t]e 15 Section 529.1 or Criminal Procedure Article 893.3, or any other provision of law. . . .

The requirement that the sentencing court "state for the record the considerations taken into account and the factual basis therefore in imposing sentence" is part of the sentencing guidelines. La.Code Crim.P. art. 894.1(C). However, the failure to state a factual basis for the sentence imposed or to otherwise comply with the sentencing guidelines is among those claims waived by the failure to file a motion to reconsider sentence arguing the issue. *State v. Meaux*, 21-522, (La.App. 3 Cir. 2/23/22), 335 So.3d 309; *State v. Francis*, 99-208, (La.App. 3 Cir. 10/6/99) 748 So.2d 484, *writ denied*, 00-544 (La. 11/13/00), 773 So.2d 156.

Additionally, Defendant did not make or file a motion to reconsider the sentence. Under La.Code Crim.P. art. 881.1(E), the "[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based . . . shall preclude the . . . defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."

14

Therefore, this assignment of error is precluded from review on appeal.

## **DECREE**

For the foregoing reasons, Luke L. Boudine, Jr.'s conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**